IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| EDDY GAMEZ,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Case No. 2:07-CV-534DB<br><br>Related Case No. 2:03-CR-390DB |

Before the Court is Petitioner-Defendant Eddy Gamez's ("Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below the Defendant's § 2255 motion is **DENIED**.

**I. Background**

On December 30, 2003, the Government named the Defendant, along with co-defendant Robert Wisniewski ("Wisniewski"), in a two-count superseding indictment for conspiracy to distribute cocaine and possession of cocaine with intent to distribute. (Case No. 2:03-CR-390, Dkt. No. 37.) *See United States v. Wisniewski*, 192 Fed. Appx. 749, 752 (10th Cir. 2006).

The charges stem from a traffic stop. On May 23, 2003, Sergeant Paul Mangelson of the Utah Highway Patrol pulled over a black pickup truck, driven by Wisniewski, on I-15 south of Nephi, Utah. *See United States v. Wisniewski*, 358 F. Supp.2d 1074 (D. Utah 2005). Sergeant Mangelson pulled over the truck on suspicion that the driver was intoxicated or otherwise impaired because the truck was traveling well below the speed limit and crossed the lane divider

on the right-hand side of the interstate several times. After the truck stopped, Sergeant Mangelson observed that Wisniewski appeared nervous, his hands were trembling and he appeared to have trouble speaking. According to the registration, the truck was owned by the Defendant. Sergeant Mangelson asked why Wisniewski was driving the truck. Despite the fact that Wisniewski could not pronounce the Defendant's last name, Wisnieswki responded that the Defendant was his friend and had loaned him the truck. Sergeant Mangelson then asked Wisniewski where his trip had originated and Wisniewski responded that he had been in Las Vegas looking for construction work. During the conversation, Sergeant Mangelson detected a strong odor of air freshener and observed a cell phone, road atlas, and radar detector in the truck. He saw very little luggage and no construction tools in the cab of the truck, but he could not determine whether such items were present in the covered truck bed. Sergeant Mangelson asked Wisniewski to exit the truck to perform sobriety tests. The results of these tests indicated that Wisniewski was fatigued but not intoxicated or physically impaired. After conducting the sobriety tests, and based upon his experience and training as a highway patrol trooper and drug interdiction specialist, Sergeant Mangelson suspected that Wisniewski was transporting contraband. Sergeant Mangelson escorted Wisniewski to his patrol car. The dispatcher reported that Wisniewski's driver's license was valid and there was no report of the truck being stolen. *Id.*

At this point, Wisniewski asked whether he was free to go. Sergeant Mangelson answered that he was not because he believed that Wisniewski was transporting drugs and he wanted to search the truck. Wisniewski denied transporting drugs but authorized Sergeant Mangelson to "go ahead" and search the truck. Mr. Wisniewski exited the patrol car. Another

officer, Trooper Kelsey, arrived, and assisted Sergeant Mangelson in searching the truck.  They found 134 bricks of cocaine, each weighing 1 kilogram, contained in four duffle bags and a suitcase.  They arrested Wisniewski and analysis of the cocaine and its containers revealed the Defendant's fingerprints.  The Defendant later admitted that he called Wisniewski and asked him if he would pick up the drugs in California and transport them as a favor.  *Id.*

Wisniewski filed a motion to suppress the evidence that was obtained as a result of the search of the truck.  He argued, *inter alia*, that the officer lacked reasonable suspicion to detain him after dispatch cleared his driver's license and the truck's registration.  By separate motion, the Defendant joined in Wisniewski's motion.  The trial court denied the motions to suppress.

On June 16, 2005, the Defendant entered a conditional plea of guilty to Count II of the Indictment (Possession of Cocaine with Intent to Distribute), reserving the right to appeal the denial of his motion to suppress.  (Case No. 2:03-CR-390-2, Dkt. No. 86.)  The Defendant was advised in the plea agreement that the maximum penalty for possession of cocaine with intent to distribute was life in prison, and that the charge carried a ten-year minimum mandatory sentence of imprisonment.  In addition, the Defendant informed the court, through his plea agreement and at the plea hearing, that he was satisfied with his attorney.  *Id.*

The Court sentenced the Defendant to 156 months imprisonment and 5 years of supervised release.  *See United States v. Wisniewski*, 192 Fed. Appx. 749, 753 (10th Cir. 2006).  The Defendant and Wisniewski appealed the denial of the motion to suppress in a consolidated action, and the United States Court of Appeals for the Tenth Circuit affirmed the judgment.  *Id.* at 755.  In the appeal, the Defendant did not contend that Wisniewski's consent to search the truck was invalid.  *Id.* at 750 n.1.

In the § 2255 motion presently before the Court the Defendant asserts that his trial counsel was constitutionally ineffective for: (1) failing to argue that Wisniewski lacked authority to give consent to search the duffel bags that belonged to Defendant; and (2) failing to argue that the evidence was the fruit of an illegal arrest of Wisniewski.  (Dkt. No. 2 at 1.)

## II.  Legal Standard

A § 2255 proceeding may not be used to raise issues that should have been raised on direct appeal.  *See, e.g., United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994).  Claims in a § 2255 motion that could have been raised on direct appeal are procedurally barred unless the defendant "can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his claim would result in a fundamental miscarriage of justice." *United States v. Wright,* 43 F.3d 491, 496 (10th Cir. 1994).  A defendant may establish cause by showing that he received ineffective assistance of counsel.  *United States v. Cook,* 45 F.3d 388, 392 (10th Cir. 1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must establish both that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984).  The Defendant bears the burden of identifying specific acts or omissions that could not be considered "reasonable under prevailing professional norms." *United States v. Salazar,* 323 F.3d 852, 857 (10th Cir. 2003) (citing *Strickland,* 466 U.S. at 688).  There is a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action

'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689 (citation omitted). Second, the defendant must show he was actually prejudiced, that is, the outcome would likely have been different but for counsel's deficient performance. Prejudice exists only if there is a reasonable probability, that, but for the error, the result of the trial would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The Court recognizes that because the Defendant is proceeding pro se the Court must construe his pleadings liberally. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

### III.  Discussion

#### A.     Wisniewski's Authority to Consent to the Search

The Defendant argues that his trial counsel was ineffective for not asserting that Wisniewski lacked authority to consent to the search of the Defendant's duffel bags. (Dkt. No. 2 at 10-11.) For the following reasons the Court finds that Defendant has failed to show that trial counsel was either deficient or that he was prejudiced.

First, the Defendant has failed to demonstrate that trial counsel's actions fell below an objective standard of reasonableness. The Court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690. In fact, "strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." *Bullock v. Carver,* 297 F.3d 1036, 1047 (10th Cir. 2005).

In the instant case, trial counsel filed a motion to suppress evidence, challenging the

seizure of the cocaine found in the Defendant's truck and any statements made by Wisniewski. (Case No. 2:03-CR-390-2, Dkt. No. 58 at 9-10.)  Although trial counsel did not argue that Wisniewski lacked authority to consent to a search, trial counsel did argue that the evidence should be suppressed because Wisniewski was illegally detained at the time he gave his consent and the consent was coerced. (*Id.* at 4-5.)  In light of the strong presumption that trial counsel provided effective assistance, trial counsel's performance was not deficient because his strategy to suppress the evidence was not unreasonable.

Second, even assuming that trial counsel's actions fell below an objective standard of reasonableness, Defendant is unable to show that but for trial counsel's errors the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.

A third party's consent to search is valid if that person has either the "actual authority" or the "apparent authority" to consent to a search of that property.  *United States v. Gutierrez-Hermosillo*, 142 F.3d 1225, 1230 (10th Cir. 1998).  A third party has actual authority of consent if "that third party has either (1) mutual use of the property by virtue of joint access, or (2) control for most purposes over it."  *United States v. Rith*, 164 F.3d 1323, 1329 (10th Cir. 1999).  The essence of the "actual authority" test is that it is reasonable to recognize that when an individual has joint access and control with others, that individual assumes the risk that one of their number might permit the common property to be searched.  *See United States v. Matlock*, 415 U.S. 164, 171 (1974).

In the instant case, Wisniewski had actual authority to consent because he had access to the duffel bags which were located in the bed of the truck and had control, for most purposes, over those duffel bags.  The Defendant testified during the motion to suppress that the drugs

Wisniewski was carrying belonged to the Defendant. *See United States v. Wisniewski*, 358 F. Supp.2d 1074, 1081 (D. Utah 2005). The Defendant called Wisniewski and asked him if he would pick up the drugs in California and transport them as a favor. *Id.* He further testified that Wisniewski drove the truck to California where both of them loaded the cocaine into the truck. *Id.* After the truck was loaded, the Defendant told Wisniewski not to allow anyone in the truck for any reason. *Id.* At no time during his testimony did the Defendant testify that he told Wisniewski not to open or look inside the duffel bags. Rather, the Defendant's testimony indicates that Wisniewski knew that cocaine was inside the bags and Wisniewski had been given full access to the bags and had full control over the bags. Further, even if the Defendant had instructed Wisniewski not to allow anyone access to the truck, the Defendant assumed the risk that Wisniewski would in fact grant access to others. Therefore, Wisniewski had actual authority to consent to the search of the duffel bags.

However, even if Wisniewski lacked actual authority, his consent was valid because Wisniewski had apparent authority. A third party has apparent authority if "the facts available to the officers at the time they commenced the search would lead a reasonable officer to believe the third party had authority to consent to the search." *Guitierrez-Hermosillo*, 142 F.3d at 1230 (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990)). Police offers must evaluate the surrounding circumstances in order to determine whether a reasonable person would "act upon [the invitation] without further inquiry." *Rodriguez*, 497 U.S. at 188.

In this case, Sgt. Mangelson had no reason to believe that Wisniewski lacked authority to consent to the search of the duffel bags in the bed of the truck. The record establishes that Wisniewski was driving the truck and had the keys to the truck. *United States v. Wisniewski*,

358 F. Supp.2d 1074, 1077 (D. Utah 2005).  Wisniewski was alone in the vehicle, giving rise to the inference that any bags in the truck belonged to him.  *Id.*  The record further establishes that Wisniewski never told Sgt. Mangelson that the duffel bags belonged to a third party.  *Id.* at 1077-79.

In light of these facts and the relevant law, the Court finds that trial counsel's performance was objectively reasonable and even if trial counsel had raised the issues now presented by the Defendant they would have failed.

**B.     Evidence Obtained from an Illegal Arrest**

Next, the Defendant argues that his trial counsel was ineffective for not seeking suppression of evidence on the grounds that the detention "transcended the permissible boundaries of a Terry Stop and constituted a de facto arrest without probable cause," and therefore the evidence was the fruit of an illegal arrest.  (Dkt. No. 2 at 19.)  This issue, however, was raised on direct appeal.  *See United States v. Wisniewski*, 192 Fed. Appx. 749, 750 (10th Cir. 2006)  (contending that evidence obtained during the search resulted from the unlawful detention and should be suppressed).  A defendant may not raise issues in a § 2255 motion which were already decided on direct appeal.  *See, e.g., United States v. Saenz*, 97 Fed. Appx. 836, 839 (10th Cir. 2004); *United States v. Warner,* 23 F.3d 287, 297 (10th Cir. 1994).  Moreover, the record reveals that trial counsel did, in fact, seek suppression of the evidence on the grounds that it was the fruit of an illegal detention.  (Case No. 2:03-CR-390, Dkt. No. 58 at 4.)  Having already been presented with this issue, both this Court and the Tenth Circuit have concluded that Wisniewski was detained pursuant to a lawful, investigative detention based on reasonable suspicion that he was engaged in criminal activity.  *Wisniewski*, 192 Fed. Appx. at 752, 755.

For the foregoing reasons, the Court finds that trial counsel's performance was objectively reasonable and the Defendant suffered no prejudice.  Accordingly, Defendant's claim of ineffective assistance of counsel is denied.

## IV. Conclusion

The Court DENIES Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

It is so ordered.

DATED this 21st day of March, 2008.

Dee Benson
United States District Judge